## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

**RUDOLPH BETANCOURT, Individually,** :
:
        **Plaintiff,** :
:
**vs.** :
: **Case No.:**  3:20-cv-2331
**TOLEDO HOSPITALITY SERVICES LLC,** :
**a Ohio Limited Liability Company,** :
:
        **Defendant.** :
_____/

### COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, RUDOLPH BETANCOURT, on his behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, TOLEDO HOSPITALITY SERVICES LLC, a Ohio Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and injunctive relief, damages, attorney's fees, litigation expenses, and costs pursuant to Ohio Disability Discrimination Law, O.R.C. 4112.01 et seq.

### COUNT I
### VIOLATION OF TITLE III OF THE
### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, *et seq.*

1.    Plaintiff, Rudolph Betancourt, is an individual residing in Fenwick, MI, in the county of Montcalm.

2.    Defendant's property, Quality Inn, is located at 445 East Alexis Road, Toledo, OH 43612 in Lucas County.

3.    Venue is properly located in the Northern District of Ohio because venue lies in the judicial district of the property situs.   The Defendant's property is located in and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. 1367.

5.      Plaintiff, Rudolph Betancourt is an Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Betancourt is a double amputee who uses a wheelchair to ambulate. Mr. Betancourt travels throughout Michigan and Ohio in connection with his involvement with College Connect, a baseball league for kids 16 years and under. He stayed at the subject property along with his wife and daughter, in connection with a baseball tournament being participated in by his close friend's son. Mr. Betancourt also has friends in Toledo, including one of his attorneys, and enjoys sightseeing and the cultural offered by the city.

6.      Rudolph Betancourt stayed as a hotel guest at the property, which forms the basis of this lawsuit, on July 24, 2020, and intends to return to the hotel once it has been made accessible for his use, and to avail himself of the goods and services offered to the public at the property. He and his family shall continue to return to the subject property and to the Toledo area in the near future, in connection with their involvement with College Connect and to continue to enjoy the Toledo area.

7.      Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Quality Inn and is located at 445 East Alexis Road, Toledo, OH 43612 in Lucas County.

8.      Rudolph Betancourt has a realistic, credible, existing and continuing threat of

2

discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Rudolph Betancourt desires to visit Quality Inn not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9.    The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

10.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Quality Inn has shown that violations exist.  These violations, which Plaintiff Betancourt observed and encountered, include, but are not limited to:

## **Accessible Routes**

a) There is no accessible route provided within the site from accessible parking spaces, public streets and sidewalks, and public transportation stops to the accessible building or facility entrance they serve making it difficult for the plaintiff to traverse, in violation of Section 206.2.1 of the 2010 Standards, whose resolution is readily achievable.

b) The ground floor surface at the accessible route has a change in vertical level making it difficult for the plaintiff to traverse the facility, in violation of sections 303 and 303.2 of the 2010 ADA Standards, whose resolution is readily achievable.

c) The vehicle pull-up space have a change in level making it difficult for the plaintiff to make a smooth transition from the passenger loading zone to the accessible entrance, in violation of sections 302 and 503.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3

d) The accessible route from the accessible parking to the facility and its entrances are in need of repair and maintenance making it difficult for the plaintiff to traverse, in violation of section 36.211 of the CFR, whose resolution is readily achievable.

## Entrances

e) There is no directional signage indicating the nearest accessible route to the accessible entrance as required making it difficult for the plaintiff to traverse, in violation of section 703.7.2 of the 2010 ADA Standards, whose resolution is readily achievable.

f) The accessible entrance to the facility has hardware that requires pulling making it difficult for the plaintiff to use, in violation of sections 309.4 and 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

g) The double-leaf doors at the main entrance of the facility do not provide a clear width of 32 inches minimum making it difficult for the plaintiff to enter the facility, in violation of sections 404.2.2, 404.2.3, and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## Guest Room 109

h) The security latch and peep whole are located above the maximum height allowance of 48 inches above the finished floor making it difficult for the plaintiff to use, in violation of section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

i) The guest room entrance does not provide maneuvering clearance on the latch side as required making it difficult for the plaintiff to use, in violation of section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

j) The iron, ironing board, and the closet rod and shelf are located above the maximum height allowance of 48 inches above the finished floor making it difficult for the plaintiff to use, in violation of section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

k) The curtain rod requires tight grasping to operate making it difficult for the plaintiff to use, in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

l) The drainpipes underneath the lavatory are exposed and do not have insulation as required making it difficult for the plaintiff to use without caution, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

m) The mirror exceeds the maximum 40 inches above the finished floor making it difficult for the plaintiff to use, in violation of section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

n) The trash receptacle is obstructing the lavatory clear floor space making it difficult for the plaintiff to utilize the lavatory, in violation of sections 306.2 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

o) The toilet paper dispenser is not in the compliant location of a minimum 7 inches and maximum 9 inches from the front of the toilet to the center line of the toilet paper as required making it difficult for the plaintiff to utilize, in violation of section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

p) The grab bar located at the control end of the bathtub is not mounted between the centerline of the bath tub and the front edge of the bathtub as required making it difficult for the plaintiff to use, in violation of section 607.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

q) There are not two compliant back-wall grab bars as required making it difficult for the plaintiff to use, in violation of section 607.4.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

r) There is not a seat provided that is capable of secure placement making it difficult for the plaintiff to use the bathtub, in violation of section 610.2 of the 2010 ADA Standards, whose resolution is readily achievable.

s) There is no hand-held shower spray unit with an on/off control and a non-positive shut-off provided making it difficult for the plaintiff to use, in violation of section 607.6 of the 2010 ADA Standards, whose resolution is readily achievable.

t) The bathtub controls require tight grasping and turning of the wrist to operate making it difficult for the plaintiff to use, in violation of section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

u) The 60 inch clearance perpendicular from the side wall is obstructed by the table making it difficulty for the plaintiff to utilize the water closet, in violation of section 604.3.1 in the 2010 ADA Stnadards, whose resolution is readily achievable.

**Maintenance**

v) The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

**Number and Dispersement of Rooms**

w) The subject hotel lacks the required number of compliant disabled rooms and the compliant disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of

the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

14.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1993, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Quality Inn to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
### O.R.C. § 4112.01 et seq.

18.    Plaintiff restates the allegations of paragraphs 1-16 as if fully rewritten here.

19.    The Defendant's property, Quality Inn, and the businesses therein, are "place[s] of public accommodation" pursuant to O.R.C. §4112.01(A)(9).

20.    Defendant has committed an unlawful act pursuant to O.R.C. §4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Plaintiff Rudolph Betancourt has experienced extensive barriers to access at the Quality Inn in the     state of Ohio.

21.    Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory damages, and attorneys fees and costs, in an amount to be determined at trial, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE,** Plaintiff respectfully requests:

a.    The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.    Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

8

services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e.      For Count II, compensatory damages, and attorneys fees and costs, in an amount to be determined, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Dated: _Oct 13 2020_

Respectfully submitted,

/s/ Owen B. Dunn Jr.

Owen B. Dunn, Jr., Esquire
Law Office of Owen B. Dunn, Jr.
OH Bar Number 74743
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
Telephone: (419) 241-9661
Facsimile: (419) 241-9737
E-mail: dunnlawoffice@sbcglobal.net

Lawrence A. Fuller, Esq.
Fuller, Fuller & Associates, P.A.
Co-Counsel for Plaintiff
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone: (305) 891-5199
Facsimile: (305) 893-9505
E-mail: Lfuller@fullerfuller.com